# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2975 | **DATE** | 5/21/2001 |
| **CASE TITLE** | | Moore vs. Department of VA | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, defendants' motion to lift stay (35-1) is denied. However, the stay is modified to require plaintiff to deposit into the registry of the Court, on the 15th and 30th of each month, the sum of $212.84.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 2 4 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 48 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 MAY 23 PM 7: 10 | | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED

MAY 2 4 2001

| | | |
|---|---|---|
| JULIAN J. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 00 C 2975 |
| | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

MAY 2 4 2001

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge

On June 6, 2000, Judge Lindberg, to whom this case was initially assigned, granted in part plaintiff Julian Moore's motion to stay his eviction from his VA-sponsored apartment. He extended that stay twice; the second time he made clear that he was enjoining the VA from evicting Moore indefinitely "conditioned on full payment for the time in the event that it turns out that he was not entitled to be there." Since that order, not much has changed in the case; the only substantive ruling was the Court's decision of February 23, 2001 denying defendants' motion to dismiss Moore's housing discrimination claim, which serves to solidify, rather than undermine, Judge Lindberg's initial conclusion, *see* June 6, 2000 Tr. at 7-9, that Moore satisfied the threshold requirements for issuing the preliminary injunction. Nevertheless, the defendants have moved to lift the stay so that they can evict Moore.

When Judge Lindberg issued the stay, defendants could have appealed it then, but they chose not to do so. The issue at this point is not whether a stay was the proper course in the first instance (though we agree with Judge Lindberg's conclusion that it was): "[t]he injunction,

48

whether right or wrong, is not subject to impeachment in its application to the conditions that existed at its making." *United States v. Swift & Co.,* 286 U.S. 106, 119 (1932); *see generally* 11A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §2961 at 394 (1995 & Supp. 2000). Rather, the issue is whether conditions have changed such that it is no longer appropriate or that the passage of time has brought to light something that was not anticipated when the injunction was issued. 11A C. Wright, *supra,* at 402-04. The short answer to this question, as indicated earlier, is that nothing (except the passage of time and the accrual of more unpaid rent, a factor considered by Judge Lindberg) has changed that would cause the Court to reconsider Judge Lindberg's decision.

The defendants argue that they now need to evict Moore because the building in which he resides is scheduled to be demolished on June 30, 2001. Ronald Hughes, the Chief Engineer for the VA's Chicago Health Care System, stated that the plans to demolish the building and replace it with a parking garage "are currently pending before the VA's Capital Investment Board ("CIB"). After the CIB has completed its review, the project will be forwarded to the Office of Management and Budget for approval, and then forwarded again to Congress for a final review and approval. . . . [C]onstruction will begin shortly after congressional approval." Based on this statement, these prerequisites make the June 30 date unrealistic. At least at this time it appears there is no real urgency to get Moore out. If the plan progresses to the point where the VA is evacuating the building's other residents, defendants are free to come back into court but should expect to advise the Court at that time what provisions or arrangements are being made for the other residents.

The defendants also ask the Court to order Moore to post a bond as a condition of

keeping the stay in effect. Defendants never raised the issue before Judge Lindberg, indeed they never raised the issue at all until after they lost the motion to dismiss. They claim in their reply that "the VA did not complain about Moore's failure to post a bond immediately after the hearing because, as is explained in detail in the VA's opening memorandum, *Judge Lindberg expressly instructed the VA to withhold such challenges until Moore was represented by counsel.*" Dfdt. Reply at 3 (emphasis added). But neither defendants' opening memorandum nor the transcripts of the proceedings before Judge Lindberg support this claim. The transcript reflects that after Judge Lindberg ordered the stay, the Assistant United States Attorney responsible for the case argued that none of the elements required for injunctive relief had been shown. June 6, 2000 Tr. at 7. Judge Lindberg proceeded to address those elements and find that they existed. *Id.* at 7-8. The AUSA continued to argue the point, and Judge Lindberg continued to address the points raised. *Id.* at 8-10. But not once did the AUSA mention the issue of a bond, nor did Judge Lindberg instruct him to defer that point until counsel was appointed. In short, the claim that Judge Lindberg "expressly instructed the VA to withhold such challenges" is simply incorrect. And even if Judge Lindberg had done so, and that served as an excuse for not making the point at the time, there was nothing following Moore's counsel's filing of an appearance on November 7, 2000 preventing defendants from raising this issue in the four months that passed before they raised it on March 2, 2001.[1]

In addition, in view of the amount of the bond requested by defendants – over $10,000 – combined with Moore's indigence or near-indigence as shown by his application to proceed *in forma pauperis,* granting defendants' request effectively would amount to vacating the

---

[1] The claim that transcripts were not available is no excuse; no transcript was needed to raise the issue of a bond.

injunction. Even without the other reasons noted above, the Court would deny defendants'
motion based upon Moore's indigence. *See, e.g., Wayne Chemical, Inc. v. Columbus Agency
Service Corp.,* 567 F.2d 692, 701 (7th Cir. 1977); 11A C. Wright, *supra* §2954 at 298-300 &
n.21 (citing cases).

That said, Judge Lindberg did not order that Moore could stay in his apartment without
paying rent. Moore claims he is withholding rent because the VA has refused to make necessary
repairs in his apartment. But that claim is not part of the injunction and will presumably be
addressed in due course, in whatever forum is appropriate. To alleviate defendants' concerns in
the interim, in lieu of a bond the Court orders Moore beginning June 1, 2001 to pay to the Court
what he would otherwise be required to pay in rent, that is, $212.84 every two weeks. That
amount will be held pending determination (by whatever court addresses the issue) of the validity
of Moore's rent-withholding claim. We had previously set a discovery cut-off date of August 31,
2001 and would be willing to advance that slightly, but recently the date was extended to October
12 at the request of defendants' attorney. If defendants wish to revisit that point they should
make a prompt request to the Court.

## Conclusion

For the reasons stated above, defendants' motion to lift stay [Item 35-1] is denied.
However, the stay is modified to require plaintiff to deposit into the registry of the Court, on the
15th and 30th of each month, the sum of $212.84.


MATTHEW F. KENNELLY
United States District Judge

Date:   May 21, 2001

4