## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | . |
|---|---|---|---|
| **CASE NUMBER** | 00C2975 | **DATE** | 6/4/03 |
| **CASE TIT** | | Moore v. Principi | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]
For the reasons set forth on the attached order, the Court denies plaintiff's motion for a new trial (143-1).

(11) X [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | JUN 0 9 2003 |
| ✓ | Docketing to mail notices. | date docketed |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| OR6 | courtroom deputy's initials | date mailed notice |

CLERK, U.S. DISTRICT COURT

03 JUN -7 PH 4: 29

Date/time received in central Clerk's Office

**Document Number**

151

mailing deputy initials

JULIAN J. MOORE,         )
                                  )
            Plaintiff,          )
                                  )
     vs.                       )      Case No. 00 C 2975
                                  )
ANTHONY J. PRINCIPI, Secretary  )
of Veterans Affairs,          )
                                  )
            Defendant.      )

## MEMORANDUM OPINION AND ORDER

*DOCKETED*
*JUN 0 9 2003*

MATTHEW F. KENNELLY, District Judge:

Julian J. Moore, who is African-American, worked for the Department of Veterans

Affairs, Veterans Canteen Service (VCS) as an Assistant Canteen Chief Intern from August 1998

until he was fired in June 1999. He then sued the Secretary of Veterans Affairs alleging race

discrimination and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964.

After a trial held in December 2002, a jury found in favor of the defendant on both claims.

Moore has moved for a new trial pursuant to Federal Rule of Civil Procedure 59(a), challenging

the exclusion of certain evidence and the accuracy of the jury instruction defining the elements of

the retaliation claim. For the reasons stated below, the Court denies Moore's motion.

## A.    Evidence concerning probationary period

At the time of the challenged employment decisions, Moore was a probationary

employee. Before trial, the defendant moved *in limine* to bar evidence or argument to the effect

that he should not have been required to serve a probationary period. Moore had previously

served a period of probation at another federal agency, the Army and Air Force Exchange Service, and he contended that the VCS could have and should have excused him from serving a second probation. Because the VCS had relied on his probationary status in terminating him, Moore argued, he should be permitted to argue that he should not have been on probation to begin with.

The Court disagreed and granted the defendant's motion *in limine*. We ruled that "absent some indication that [the officials who terminated him] knew that the probation was improper – which Moore does not argue and does not support" – the evidence was irrelevant, unduly prejudicial, and misleading. *Moore v. Principi,* No. 00 C 2975, slip op. at 2 (N.D. Ill. Dec. 10, 2002).

In his post-trial motion, Moore has provided no proper basis to reverse the Court's pre-trial ruling. Neither before nor during trial did he offer any evidence to indicate that the persons who were involved in the decision to terminate him had anything to do with putting him on probation. Nor did he offer any evidence to indicate that any of them had any reason to believe that he should not have been considered a probationary employee. Under the circumstances, the claimed impropriety of putting him on probation to begin with had no bearing on whether the decision makers discriminated or retaliated against him.

In his post-trial motion, in contrast to his response to the pre-trial motion *in limine,* Moore claimed that Ray Tober, a decision maker in the termination, "was responsible for the decision to treat Moore as probationary." Mem. in Support of Mot. for New Trial at 6. But he provided no evidence along with the motion to support this assertion. In his reply memorandum, Moore made what might be considered an offer of proof in this regard. Reply Mem. at 9-10. But

2

this comes far too late; Moore should have done this in response to the pre-trial motion *in limine,* or at a minimum he should have sought reconsideration during trial and provided the foundation then. A reply brief in support of a post-trial motion is not the time to attempt to lay, for the first time, the predicate for the admissibility of evidence. The extensive submission Moore makes in his reply memorandum to support the proposition that it was improper to classify him as probationary, *id.* at 10-11, likewise is untimely.

## B.    Retaliation jury instruction

Title VII's anti-retaliation provision states that

[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. §2000e-3(a). Moore claimed that the VCS retaliated against him for making internal charges of discrimination – a claim under the statute's "participation" clause.[1]

The Court's standing order required the parties to submit proposed jury instructions prior to trial as part of the proposed final pretrial order. Both Moore and the defendant submitted proposed instructions concerning the retaliation claim which required Moore to show that he reasonably believed in good faith that he believed the conduct of which he had complained was discriminatory. At the final pretrial conference, the Court deferred until trial the finalization of

---

[1] Though the instructions given to the jury summarized the claim as alleging that Moore had been terminated "because he complained of discrimination and filed internal charges of discrimination," the Court agrees with Moore that the focus of his claim was the allegation that the VCS retaliated against him because of the discrimination charges he filed. Moore made the first of these charges fairly early in his employment with the VCS, and that was sufficient to trigger the statute's "participation" clause with respect to his termination.

the jury instructions.

On the first day of trial, the Court provided the parties with a set of proposed jury instructions which, consistent with the parties' proposed instructions, included for the retaliation claim a requirement that Moore prove that he reasonably believed in good faith that the conduct of which he complained was discriminatory. Following the distribution of the proposed instructions, Moore persuaded the Court to include in the retaliation instruction a statement that the conduct of which he had complained did not actually have to be discriminatory in order for him to prevail on the retaliation claim. He did not, however, challenge the proposed inclusion of a requirement of reasonable, good faith belief. Indeed, his proposed supplement to the instruction assumed the propriety of the reasonable, good faith belief requirement.

On the final day of trial, the Court distributed a revised set of proposed instructions including the modification of the retaliation instruction sought by Moore. At that point – near the end of the presentation of evidence – Moore objected for the first time to the retaliation instruction. Contrary to his earlier submission of an instruction with a reasonable, good faith belief element, Moore now argued that no such requirement exists when a plaintiff makes a claim under §2000e-3(a)'s participation clause.

The Court did not preclude Moore from arguing the point, and we researched the matter over the lunch hour, as did defense counsel. Following the lunch break, defense counsel presented the Court with authorities that they believed supported the imposition of a reasonable, good faith belief requirement for a retaliation claim under §2000e-3(a)'s participation clause. After hearing argument, the Court expressed the view that the Seventh Circuit had in fact imposed such a requirement and therefore overruled Moore's argument.

In his motion for new trial, Moore again contends that the Court's instruction was erroneous. The Court disagrees with the defendant's contention that Moore waived the issue by failing to raise it in the final pretrial order. Though the belated manner in which Moore raised the issue is not to be encouraged, and could have been precluded by the Court at the time, we did not do so. Rather, we advised the parties at the final pretrial conference that the jury instructions would not be finalized until trial. And we did not preclude either party from raising issues regarding the instructions during trial; that, indeed, was what we expected when we distributed "proposed" jury instructions at the trial's outset. Having permitted Moore to contest the point during trial, we see no good reason to backtrack now. Moreover, Federal Rule of Civil Procedure 51 requires only that error in a jury instruction be asserted before the jury retires to deliberate. Though that does not mean that a party can ignore the requirements imposed by a court as a part of a pretrial order, Moore reasonably relied on the fact that the Court had determined to finalize the instructions during trial rather than before trial.

We therefore turn to the merits. Were this Court dealing with the issue as an original matter, we would be inclined to follow those Circuits that have confronted the point directly and have concluded that under the statute's participation clause (unlike the opposition clause), there is no threshold requirement that the underlying discrimination charge be made reasonably or in good faith and that the protection against retaliation is absolute. *See, e.g., Glover v. South Carolina Law Enforcement Division,* 170 F.3d 411, 415-16 (4th Cir. 1999); *Wyatt v. City of Boston,* 35 F.3d 13, 15 (1st Cir. 1994); *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1312 (6th Cir. 1989). There is a decent argument that if *any* threshold is set, there will be some cases in which an employer will get away with retaliating against an employee who made a

charge with arguable merit, and that this prospect will chill employees who might have meritorious claims from bringing them. An absolute prohibition against retaliating against any employee for filing a discrimination charge arguably would not unfairly hamstring an employer, for it would leave the employer free to discharge the employee for other legitimate reasons.

But this Court is not free to deal with the issue as if we were writing on a clean slate. Moore correctly points out that the Seventh Circuit has not been called upon to grapple with the matter as the deciding factor in any "participation" case. The Seventh Circuit decisions cited by the defendant either involve "opposition" claims, because no formal charge of discrimination had been brought, or "participation" claims in which there was no holding and probably no contested issue regarding the merit of the underlying charge. *See, e.g., Fine v. Ryan International Airlines,* 305 F.3d 746, 752 (7th Cir. 2002); *Hunt-Golliday v. Metropolitan Water Reclamation District,* 104 F.3d 1003, 1014 (7th Cir. 1997); *Roth v. Lutheran General Hospital,* 57 F.3d 1446, 1459-60 (7th Cir. 1995); *Dey v. Colt Construction & Development Co.,* 28 F.3d 1446, 1458 (7th Cir. 1994); *Holland v. Jefferson National Life Insurance Co.,* 883 F.2d 1307, 1314 (7th Cir. 1989); *Collins v. State of Illinois,* 830 F.2d 692, 702 (7th Cir. 1987); *Jennings v. Tinley Park Community Consolidated School District No. 146,* 796 F.2d 962, 967 (7th Cir. 1986). But as several of these cases suggest, the Seventh Circuit has long taken it as a given that a threshold requirement of reasonableness and good faith exists.

Perhaps more importantly, there is at least one case in which the court's comments about the issue, though arguably *dictum,* nonetheless represent considered *dictum* on a point related to the issue on which the case was decided. In *McDonnell v. Cisneros,* 84 F.3d 256, 259 (7th Cir. 1996), a case involving a retaliation claim under the "participation" clause, the court stated the

6

following:

> It is improper to retaliate for the filing of a claim in violation of Title VII even if the claim does not have merit – provided it is not completely groundless. *There is nothing wrong with disciplining an employee for filing frivolous complaints.*

*Id.* at 259 (emphasis added; citations omitted). Though the court's decision in the case did not turn on the issue of frivolousness of the underlying complaint, it did deal with the issue, if only to conclude that the underlying claims were not frivolous. *Id.* Considered *dictum* must be given respect by lower courts – particularly if it involves an issue related to the merits of the case – unless it conflicts with a holding of the court that uttered the *dictum* (which in this case it does not). *See, e.g., Rutledge v. United States*, 230 F.3d 1041, 1048 (7th Cir. 2000); *United States v. Bloom*, 149 F.3d 649, 653 (7th Cir. 1998); *Reich v. Continental Casualty Co.*, 33 F.3d 754, 757 (7th Cir. 1994).

That is the situation here. This Court believes itself compelled to follow what appears to be the clear import of the Seventh Circuit's decisions that touch upon this issue. And in any event, there are valid reasons why there ought to be some threshold that an employee making a charge of discrimination must clear before becoming entitled to protection against retaliation. In particular, an employee should not be able to acquire indefinite tenure by peppering his employer with frivolous complaints (though we hasten to add that there is no reason to believe this occurs with any significant frequency). As long as the hurdle the plaintiff must clear at trial is set low enough, employees with legitimate complaints likely will not be chilled from making them because of the risk of retaliation – at least not any more than they might be chilled by the inherent prospect of retaliation even with absolute statutory protection. And in this case Moore cannot complain that we set the hurdle too high. Though *McDonnell* arguably requires a lesser showing

on a plaintiff's part than did the jury instruction in this case – proof that the complaint was not "completely groundless," as opposed to proof of a reasonable, good faith belief in its validity – Moore never objected to the jury instruction on that basis and did not tender an alternative instruction setting a lower standard.

## Conclusion

For the reasons stated above, the Court denies plaintiff's motion for new trial [docket item 143-1].

MATTHEW F. KENNELLY
United States District Judge

Date:   June 4, 2003